**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#382-384**
**JS-6: CV 09-7512-PSG & CV 09-8781-PSG**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | April 16, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING the Receiver's Motion for Order Holding Protective Life in Violation of Preliminary Injunction and Striking Pending Lawsuits and DENYING Protective Life's Motion for Leave to Sue Receiver as Trustee of Martinez Trust *Nunc Pro Tunc* to October 15, 2009 and Protective Life's Motion for Leave to Sue Receiver as Trustee of Cervantes Trust *Nunc Pro Tunc* to November 30, 2009**

Before the Court are the Receiver's Motion for Order Holding Protective Life in Violation of Preliminary Injunction and Striking Pending Lawsuits, Protective Life Insurance Company's Motion for Leave to Sue Receiver as Trustee of Martinez Trust *Nunc Pro Tunc* to October 15, 2009, and Protective Life Insurance Company's Motion for Leave to Sue Receiver as Trustee of Cervantes Trust *Nunc Pro Tunc* to November 30, 2009. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motions, the Court GRANTS the Receiver's motion and DENIES Protective Life's motions.

I.      Background

On April 24, 2009, the Securities and Exchange Commission initiated an action against defendants Private Equity Management Group, Inc., Private Equity Management Group LLC (collectively, "PEMGroup"), and Danny Pang. On August 4, 2009, the Court issued a preliminary injunction and order ("Preliminary Injunction") that, among other things, appointed Robert P. Mosier (the "Receiver") as permanent receiver of PEMGroup and its subsidiaries and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#382-384**
**JS-6: CV 09-7512-PSG & CV 09-8781-PSG**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | April 16, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

affiliates.  *See Preliminary Injunction* (Dkt # 246).  The Preliminary Injunction further ordered that "except by leave of this Court, during the pendency of this receivership, all . . . persons or entities seeking relief of any kind . . . are hereby preliminary restrained and enjoined from . . . commencing, prosecuting, continuing or enforcing any suit or proceeding" against PEMGroup and from "doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver . . . or in any way to interfere with or harass the permanent receiver."  *See id.* at § IX.

On October 15, 2009, Protective Life Insurance Company ("Protective Life") filed suit against the Receiver in his capacity as trustee of the Lupe Martinez irrevocable trust (the "Martinez suit").  *See CV 09-7512 PSG (Ex).*  That suit seeks rescission of a life insurance policy allegedly issued by Protective Life in October 2007 to the Lupe Martinez irrevocable trust (the "Martinez Policy"), of which PEMGroup is allegedly the trustee, on the grounds that the policy was procured through misrepresentations.

On November 30, 2009, Protective Life filed a second suit against the Receiver, this time in his capacity as trustee of the Luz Cervantes irrevocable trust (the "Cervantes suit").  *See CV 09-8781 PSG (Ex).*  The Cervantes suit seeks rescission of a life insurance policy allegedly issued by Protective Life in December 2007 to the Luz Cervantes irrevocable trust (the "Cervantes Policy"), of which PEMGroup is allegedly the trustee, on the grounds that this policy, too, was procured through misrepresentations.  Protective Life unsuccessfully sought leave to file the Cervantes suit by ex parte application on November 24, 2009.

On February 12, 2010, the Receiver filed a motion for an order holding Protective Life in violation of the preliminary injunction and striking or dismissing both the Martinez and Cervantes suits (the "Receiver's Motion").  On the same day, Protective Life filed a motion for leave to sue the Receiver in his capacity as trustee of the Lupe Martinez irrevocable trust *nunc pro tunc* to October 15, 2009 (the "Martinez Motion") and a motion for leave to sue the Receiver in his capacity as trustee of the Luz Cervantes irrevocable trust *nunc pro tunc* to November 30, 2009 (the "Cervantes Motion").  As these motions require resolution of the same issues, the Court takes them up together at this time.

II.     Discussion

There is no dispute here that Protective Life filed the Martinez and Cervantes actions

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#382-384**
**JS-6: CV 09-7512-PSG & CV 09-8781-PSG**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | April 16, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

against the Receiver without obtaining the Court's leave to do so, nor any dispute that this violated the Court's August 4, 2009 Preliminary Injunction.  The Receiver therefore urges the Court to dismiss the suits filed by Protective Life, pursuant to the Court's inherent power to control its docket and enforce its orders.  *See F.J. Hanshaw Enters. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1136 (9th Cir. 2001); *Thompson v. Housing Authority of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986).

Protective Life, however, in both its opposition to the Receiver's Motion and its own Motions, contends that it had good cause to file the Martinez and Cervantes suits without obtaining the Court's leave to do so.  Specifically, Protective Life maintains that its contractual deadline to sue on the Martinez policy was October 15, 2009 and its contractual deadline to sue on the Cervantes policy was November 30, 2009.  Counsel for Protective Life asserts that it was contacted by Protective Life concerning the Martinez Policy only two days before the deadline to sue on the Policy, *see Berman Decl. re Martinez Motion ¶ 2*, and that it was contacted concerning the Cervantes Policy less than two weeks prior to the deadline to sue on that Policy, *see Berman Decl. re Cervantes Motion ¶ 2*.  Thus, Protective Life argues, "there was no time to bring a noticed motion to sue the Receiver prior to filing suit."  *See Opp. to Receiver's Motion* 2:15-17.

Because it had good cause to file these suits in violation of the Preliminary Injunction, Protective Life argues, the Court should not dismiss the suits as the Receiver requests. Protective Life requests that, instead, the Court grant it leave to sue the Receiver *nunc pro tunc* to October 15, 2009 for the Martinez suit and to November 30, 2009 for the Cervantes suit, then permit Protective Life to pursue those actions.  Alternatively, Protective Life requests that the Court grant it leave to sue the Receiver *nunc pro tunc* to the foregoing dates, then stay the actions until the Receiver is ready to address the insurance policy issues or until the preliminary injunction is vacated.  As a further alternative, Protective Life requests that the Court order that any statutes of limitation applicable to Protective Life's claims are tolled from the date of the Receiver's appointment to the date the preliminary injunction is vacated.

The Court is not receptive to Protective Life's requests.  First, the Court does not find that Protective Life has demonstrated good cause for violating the Preliminary Injunction by suing the Receiver without obtaining leave to do so.  While counsel for Protective Life may have found itself up against tight deadlines once it was contacted by Protective Life concerning the policies, there is no explanation for why Protective Life waited as long as it did to contact

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#382-384**
**JS-6: CV 09-7512-PSG & CV 09-8781-PSG**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-2901 PSG (Ex) | Date | April 16, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

counsel, particularly when Protective Life had been on notice of the supposed contractual deadlines from the time the policies were issued, i.e., for nearly two years.  The absence of an explanation for Protective Life's delay is especially conspicuous since the Court cited this same failure when denying Protective Life's November 24, 2009 ex parte application for leave to sue the Receiver on the Cervantes Policy.  At that time, the Court stated:

> [W]hile Protective's counsel states that it acted 'expeditiously' in filing this Application after it was contacted by Protective, no evidence whatsoever has been submitted to the Court explaining why Protective itself waited until the eleventh hour to assert its rights under the Policy.  None of the declarations submitted in support of the Application mention, for instance, the date on which or circumstances under which Protective discovered that its Policy had been issued in reliance on misrepresentations.  Protective has therefore failed to show that it is without fault in creating the crisis supposedly warranting ex parte relief.

*See December 16, 2009 Order* p. 2.  Notably, this deficiency is not cured by the statement of Protective Life's previous counsel that it became aware of the deadlines in question only immediately prior to contacting Protective Life's current counsel.  *See Gray Decl. re Martinez Motion ¶* 6; *Gray Decl. re Cervantes Motion ¶* 6.

Moreover, the only authority cited by Protective Life in support of its contention that "a district court has the discretionary authority to authorize a lawsuit against a Receiver *nunc pro tunc* to a date prior to the bringing of the lawsuit" does not compel the Court to grant such a request here.  The court in the case cited by Protective Life, *New York Sec. & T. Co. v. Illinois Transfer R. Co.,* 104 F. 710 (7th Cir. 1900), merely held that an order granting leave to sue a receiver entered *nunc pro tunc* to a date prior to the filing of the suit was "discretionary and administrative, and therefore . . . not appealable." *See New York Sec. & T. Co.,* 104 F. at 710.[1]  Because Protective Life has failed to demonstrate that it acted diligently in pursuing its claims on the Martinez and Cervantes Policies as noted above, the Court declines to exercise whatever discretion it may have to grant leave to sue the Receiver *nunc pro tunc* to the dates requested by

---

[1] The court in *New York Sec. & T. Co.* expressly declined to consider whether the order granting leave to sue was made "invalid" by having been entered *nunc pro tunc* to a date prior to the filing of the suit.  *See id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#382-384**
**JS-6: CV 09-7512-PSG & CV 09-8781-PSG**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | April 16, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

Protective Life.

Further, while Protective Life argues strenuously that a comparison of its and the Receiver's respective interests under the principles set forth in *SEC v. Wencke,* 622 F.2d 1363, 1373 (9th Cir. 1980), favors granting Protective Life leave to sue the Receiver, the Court finds that this argument misses the relevant mark. *See Wencke,* 622 F.2d at 1373 ("Determining whether an exception should be made in a particular case to a previously entered blanket stay involves a comparison of the interests of the receiver (and the parties the receiver seeks to protect) and of the moving party.").[2] Even assuming that a comparison of the parties' respective interests here would favor an order granting Protective Life leave to file suit against the Receiver at this time, this is not what Protective Life seeks on the present Motions. Rather, through the *nunc pro tunc* mechanism, Protective Life seeks leave to *have sued* the Receiver, in violation of the Preliminary Injunction, without showing good cause to do so. Nothing in *Wencke* sanctions a party's proceeding in violation of court orders.

Finally, the Court rejects Protective Life's request for an order tolling any applicable statutes of limitations. Even assuming the Court may properly address the issue of equitable tolling before a statute of limitations defense has been raised, the Court finds that Protective Life has not established that it is entitled to equitable tolling here since, as noted, Protective Life has failed to demonstrate that it acted diligently in preserving its rights under the Martinez and Cervantes Policies. *See Nelmida v. Eurocars, Inc.,* 112 F.3d 380, 384 (9th Cir. 1997) ("Equitable tolling is . . . to be applied only sparingly, and courts have been generally unforgiving . . . when a late filing is due to the claimant's failure to exercise due diligence in preserving his legal rights.") (internal citations and quotations omitted).

---

[2] *Wencke*, as the Ninth Circuit later noted, "set forth three factors to consider in deciding whether to except applicants from a blanket stay: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. In reviewing the district court's application of this test and ultimate decision, we apply an abuse of discretion standard." *See SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) (citing *Wencke*, 622 F.2d at 1374).

**CIVIL MINUTES - GENERAL**

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#382-384**
**JS-6: CV 09-7512-PSG & <mark>CV 09-8781-PSG</mark>**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2901 PSG (Ex) | Date | April 16, 2010 |
|---|---|---|---|
| Title | SEC v. Private Equity Management Group, LLC *et al.* | | |

        For these reasons, then, the Court rejects Protective Life's requests for a *nunc pro tunc* order granting leave to sue the Receiver, as well as Protective Life's request for an order tolling any statutes of limitations applicable to the claims at issue.  Instead, the Court orders the complaints filed by Protective Life in violation of the Court's Preliminary Injunction to be stricken and the Martinez and Cervantes actions to be dismissed.  *See F.J. Hanshaw Enters.,* 244 F.3d at 1136; *Thompson,* 782 F.2d at 831.

III.     Conclusion

        For the foregoing reasons, the Court GRANTS the Receiver's Motion for Order Holding Protective Life in Violation of Preliminary Injunction and Striking Pending Lawsuits.  The Court DENIES Protective Life's Motion for Leave to Sue Receiver as Trustee of Martinez Trust *Nunc Pro Tunc* to October 15, 2009 and Protective Life's Motion for Leave to Sue Receiver as Trustee of Cervantes Trust *Nunc Pro Tunc* to November 30, 2009.

        The Court orders that the complaints filed in *Protective Life Insurance Company v. Mosier et al., CV 09-7512 PSG (Ex)*, and *Protective Life Insurance Company v. Mosier et al., CV 09-8781 PSG (Ex)*, be stricken and the actions dismissed without prejudice.

        **IT IS SO ORDERED.**